OPINION
Appellant Jeffrey Potts appeals his conviction in the Richland County Court of Common Pleas on the charge of aiding or abetting an aggravated robbery. The relevant facts leading to this appeal are as follows. On the evening of December 6, 1996, Jamie Campbell, a resident of Paris, Kentucky, robbed the Shelby, Ohio, Great Scot Supermarket at gunpoint. He escaped to a waiting automobile with cash from one of the registers and the store safe. Following police investigation, the state concluded that the driver of the getaway car was appellant. On July 15, 1999, the Richland County Grand Jury indicted appellant for aiding or abetting an aggravated robbery in violation of R.C. 2911.01(A)(1), with a firearm specification, a first-degree felony. The case was tried before a jury on January 6, 7, and 11, 2000. The evidence presented indicated that the robbery had its genesis in the mind of Paul Limpach, a resident of the Shelby area. Limpach and appellant were acquainted with Jerry "B.J." Mosley, who owned a nearby farmhouse, as well as an outbuilding wherein Limpach and others were permitted to store and repair their automobiles. Campbell, the admitted perpetrator of the robbery, knew Limpach through his girlfriend's aunt, who was dating Limpach at the time. Campbell testified that Limpach asked him to accompany him from Kentucky to Shelby, purportedly in order to pick up a television set and an insurance check. Once on the road, Limpach began proposing his plan to rob the Great Scot store, and threatened Campbell to get him to cooperate. On the Friday night in question, Limpach drove Campbell into Shelby in Limpach's blue Mercury Lynx station wagon, picked up appellant, and canvassed the area of the store. They proceeded to "some house out in the country," which police later determined to be Mosley's property. Tr. at 272, 396. At that time, Limpach supplied Campbell with coveralls, gloves, a ski mask, and a gun. Campbell put on the clothing items and rode with appellant in the Mercury back into town, leaving Limpach behind. After the holdup, Campbell jumped into the Mercury, and appellant continued driving until they returned to the farmhouse to meet up with Limpach. Appellant and Limpach again switched places, leaving appellant behind. Mosley arrived home at about this time, wondering who was in his driveway. Limpach later deserted Campbell, minus any of the illicit proceeds, at a bus station in Columbus, Ohio. Meanwhile, Mosley decided to give appellant a ride back to his Shelby apartment. Part of the delay in apprehending appellant was apparently Campbell's lack of prior familiarity both with the Shelby area and with appellant. Following the jury verdict, the trial court sentenced appellant to incarceration. Appellant filed a notice of appeal on February 9, 2000. He herein raises the following two Assignments of Error:
 I. DEFENDANT WAS DENIED A FAIR TRIAL DUE TO PROSECUTORIAL MISCONDUCT.
 II. THE TRIAL COURT ERRED IN PERMITTING HEARSAY TESTIMONY REGARDING THE GREAT SCOT ROBBERY.
As the above assigned errors are better understood by discussing the asserted hearsay testimony issues first, we will proceed in our analysis in reverse order.
 II.
In his Second Assignment of Error, appellant contends that the trial court improperly allowed the jury to hear out-of-court statements uttered by an unidentified gas station employee regarding the store robbery. We disagree. The disputed evidence stems from an incident at a Marathon gas station in Shelby. According to the testimony of Mosley, after he dropped off appellant, he drove to said station for fuel or cigarettes. An employee there stated to Mosley "* * * that Great Scot's was robbed and the cops were there." Tr. at 350. The judge allowed the statement over appellant's objection, but gave the following instruction to the jury: THE COURT: I want to interrupt.
Folks, again, this is one of the comes into a limited purpose. It doesn't prove the store was robbed.
It proves he was there that day when he heard somebody say something about the robbery. It's not prove (sic) it happened the same day, it helps him locate when in his mind this event took place.
Tr. at 350.
Hearsay is "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." Evid.R. 801(C). The admission or exclusion of evidence rests in the sound discretion of the trial court. State v. Sage (1987), 31 Ohio St.3d 173, 180. As a general rule, all relevant evidence is admissible. Evid.R. 402; cf. Evid.R. 802. Our task is to look at the totality of the circumstances in the case sub judice, and determine whether the trial court acted unreasonably, arbitrarily or unconscionably. State v. Oman (Feb. 14, 2000), Stark App. No. 1999CA00027, unreported, at 2. Juries are presumed to follow and obey the limiting instructions given them by the trial court. State v. Franklin (1991), 62 Ohio St.3d 118, 127. Upon review, in light of the above limiting instruction not to use the Marathon attendant's statement as proof that a robbery had occurred, we are satisfied that the trial court deflected any improper jury inference and did not abuse its discretion in allowing the disputed evidence.
 I.
In his first Assignment of Error, appellant claims the prosecutor committed misconduct in his closing arguments. We disagree. The test for prosecutorial misconduct is whether the prosecutor's comments and remarks were improper and if so, whether those comments and remarks prejudicially affected the substantial rights of the accused. State v. Lott (1990), 51 Ohio St.3d 160. In reviewing allegations of prosecutorial misconduct, it is our duty to consider the complained of conduct in the context of the entire trial. Darden v. Wainwright (1986), 477 U.S. 168. Appellant asserts that the prosecutor committed misconduct in stating the following during closing arguments: But on his way home Jerry stopped somewhere. Where did he stop? The Marathon station. Couldn't recall what he went there to purchase. But what he does recall and what sticks out in his mind about that night is he overheard some conversation that the Great Scot just got robbed. I think he even said he heard conversation that the police were still there. That's the same night he saw Limpach at his residence and took Potts home. That's how he remembers that evening. Jerry went on home, didn't think any more about it until the Shelby police questioned him.
Tr. at 707.
We are compelled to note that appellant herein did not move for a mistrial, despite entering an objection at the close of the state's closing argument. In State v. Sancic (June 20, 1990), Medina App. No. 1857, unreported, the court held that a defendant's failure to move for a mistrial regarding allegedly improper remarks made during the prosecutor's closing argument about the defense's strategy waived raising such error on appeal. Id. at 6. Nonetheless, we are unpersuaded by appellant's arguments. Where an appellant asserts prosecutorial misconduct, he must show that the alleged misconduct deprived him of a fair trial. State v. Hawkins (1993), 66 Ohio St.3d 339, 348; State v. Apanovitch (1987), 33 Ohio St.3d 19, 24. The prosecutor's comments, in particular his unwarranted emphasis on the Marathon attendant's supposed comment that a robbery had "just" occurred, were indeed improper as a contradiction of the spirit of the judge's limiting admonition. However, in the context of the aggregate testimony otherwise presented, especially that of Campbell, a previously convicted participant in the crime, we decline to hold that appellant failed to receive a fair trial. Appellant's First Assignment of Error is overruled.
For the reasons stated in the foregoing opinion, the decision of the Court of Common Pleas, Richland County, Ohio, is hereby affirmed.
By: WISE, P.J. EDWARDS, J., and MILLIGAN, V. J., concur.